**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

PATRICIA LOUIS,

Plaintiff,

v. Case No. 2:26-cv-1943-SPC-KRH

AVOW HOSPICE, INC.,

Defendant.

_____________________________/

# ORDER

This matter is before the Court on pro se Plaintiff Patricia Louis's Motion to Allow Service of Complaint and Summons Using the U.S. Marshals Service. (Doc. 7). The Motion is denied.

Plaintiff has paid the filing fee, but asks this Court to direct the U.S. Marshal to serve process. The Court therefore construes the Motion as a motion made under Federal Rule of Civil Procedure 4(c)(3), which states that "the court may order service be made by a United States marshal." The Court is only obligated, however, to appoint a U.S. Marshal to effect service of process if the plaintiff is proceeding in forma pauperis or as a seaman. Fed. R. Civ. P. 4(c)(3). Because Plaintiff has paid her filing fee, the Court is not obligated to order service be made by a United States Marshal.

Plaintiff requests that the U.S. Marshals Service effectuate service because she can't afford a process server. (Doc. 7 ¶ 2). But she provides no indication that

appointment of the U.S. Marshals Service is necessary to keep the peace. Nor does Plaintiff explain why a Court order is necessary to accomplish service. Because Rule 4 provides several ways of effecting service and allows a plaintiff to request waiver of service, the Court denies her request. *See Prosperous v. Todd*, No. 8:17-cv-996-T-33MAP, 2017 WL 2291367, at *1 (M.D. Fla. May 25, 2017) (denying Rule 4(c)(3) motion for same reason); *see also GMAC Real Est., LLC v. Waterfront Realty Grp., Inc.*, No. 2:09-cv-546-FtM-36SPC, 2010 WL 2465170, at *2 (M.D. Fla. June 15, 2010) (denying motion to appoint special process server where "Plaintiff has provided no factual basis for why a court order is necessary to accomplish service of process and does not include any legal authority in support of its Motion other than Rule 4(c)(3)").

As a final matter, the Court will sua sponte extend the now-expired Rule 4(m) service deadline. On or before December 18, 2026, Plaintiff must file proof of service or obtain waiver of such service. This is Plaintiff's final opportunity to perfect service. If Plaintiff fails to comply, the Court will dismiss this action without further notice. *See* Fed. R. Civ. P. 4(m).

**ORDERED**:

1. Plaintiff's Motion to Allow Service of Complaint and Summons Using the U.S. Marshals Service (Doc. 7) is **DENIED**.
2. On or before December 18, 2026, Plaintiff must effectuate service of process per Federal Rule of Civil Procedure 4(m) and the Civil Action Order.

3. **Failure to comply with this Order will result in the case being dismissed without prejudice and without further notice.**

In Fort Myers, Florida on November 18th, 2026.

Kevin R. Huguelet
United States Magistrate Judge